1   JEFFREY D. WOHL (Cal. State Bar No. 96838)
    RISHI N. SHARMA (Cal. State Bar No. 239034)
2   GREGGORY W. DALTON (Cal. State Bar No. 252000)
    JENNIFER L. ROTH (Cal. State Bar No. 260616)
3   PAUL, HASTINGS, JANOFSKY & WALKER LLP
    55 Second Street, 24th Floor
4   San Francisco, California  94105
    Telephone:  (415) 856-7000
5   Facsimile:  (415) 856-7100
    jeffwohl@paulhastings.com
6   rishisharma@paulhstings.com
    greggorydalton@paulhastings.com
7   jenniferroth@paulhastings.com

8   Attorneys for Defendant
    Target Corporation
9

10                  UNITED STATES DISTRICT COURT

11                  EASTERN DISTRICT OF CALIFORNIA

12

13  TROY KOOL, individually and on behalf        No.
    of himself and all others similarly situated,
14                                                **NOTICE OF REMOVAL OF CIVIL ACTION**
                        Plaintiffs,
15                                                Sacramento County Superior Court,
            vs.                                   No. 34-2010-00088302
16
    TARGET CORPORATION, a Minnesota
17  Corporation and DOES 1-100, inclusive,

18                      Defendants.

19

20

21

22

23

24

25

26

27

28

1   To the Clerk of Court, plaintiff Troy Kool, and plaintiff's attorneys of record:

2   PLEASE TAKE NOTICE that defendant Target Corporation ("Target") removes this action

3   from the Superior Court of California, County of Sacramento (the "Superior Court") to this Court, based

4   on diversity-of-citizenship jurisdiction under 28 U.S.C. sections 1332 (as amended by the Class Action

5   Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, § 4(a), 119 Stat. 9), and 1441(a) and (b), and in support

6   of removal, alleges as follows:

7   1.      On September 28, 2010, plaintiff commenced a civil action in the Superior Court entitled

8   "*Troy Kool, individually and on behalf of all others similarly situated, Plaintiff, v. Target Corporation, a*

9   *Minnesota Corporation and Does 1-100, inclusive*," numbered 34-2010-00088302 (the "Action").  True

10  copies of the complaint plaintiff filed in the Action, the summons issued on the Complaint, and other

11  papers received by Target are attached as Exhibit A to this notice.

12  2.      The Complaint purports to be brought as a class action and asserts six causes of action for

13  (1) failure to provide or allow meal periods, (2) failure to provide or allow rest breaks, (3) failure to pay

14  all wages, (4) failure to furnish timely and accurate wage statements, (5) failure to pay final wages, and

15  (6) unlawful and unfair business acts and practices in violation of California Business and Professions

16  Code section 17200 *et seq*.  The allegations of the Complaint are incorporated into this notice by this

17  reference without necessarily admitting the truth of any of them.

18  3.      On October 4, 2010, Target was served with the summons and the Complaint in the

19  Action.

20  4.      On November 1, 2010, Target served plaintiff with, and filed with the Superior Court, its

21  answer to the Complaint.  A true copy of the answer is attached as Exhibit B to this notice.

22  5.      Exhibits A and B comprise all of the papers that Target was served with or filed with the

23  Superior Court in the Action.

24  6.      No other defendant is named in the Complaint and Target is informed and believes that

25  no other defendant has been served with process in the Action.

26  7.      This notice of removal is effected properly and timely pursuant to 28 U.S.C.

27  section 1441(b).

28  8.      Notice of this removal is being given to both plaintiff and the Superior Court pursuant to

1    28 U.S.C. section 1446(d).

2        9.    Venue of this Action exists in this District pursuant to 28 U.S.C. section 1441(a) because

3    the Superior Court is located within this District.

4        10.    This Action is one over which this Court has original jurisdiction under the provisions of

5    28 U.S.C. section 1332, and may be removed to this Court pursuant to 28 U.S.C. sections 1441(a) and

6    (b) under the amended rules for diversity-of-citizenship jurisdiction under CAFA.

7        11.    CAFA provides that a putative class action is removable to federal court if (a) the

8    proposed class members number at least 100; (b) the amount in controversy exceeds $5,000,000,

9    exclusive of interest and costs; (c) and any member of a class of plaintiffs is a citizen of a state different

10   from any defendant.  *See* 28 U.S.C. § 1332(d).  Each of these requirements is met in this action.

11                        **The Citizenship of the Parties Is Diverse**

12       12.    Target is informed and believes that, at the time this Action was commenced, plaintiff

13   was a citizen of the State of California within the meaning of 28 U.S.C. section 1332(a).  *See* Cmplt., ¶ 2

14   ("Plaintiff is an adult resident of California.  Starting in March 2009, Target employed Kool as a

15   pharmacist at one of its locations within Sacramento County, California.").

16       13.    Target is now, and was at the time the Action was commenced, a citizen of a state other

17   than the State of California within the meaning of 28 U.S.C. section 1332(c)(1) because Target is now,

18   and was at the time the Action was commenced, a corporation organized under the laws of the State of

19   Minnesota with its principal place of business in the State of Minnesota.  Declaration of Todd Ereth in

20   Support of Defendant Target Corporation's Notice of Removal ("Ereth Decl."), ¶ 3.  The majority of

21   Target's executive and administrative functions are performed, and the majority of Target's executive

22   and administrative officers are located in, the State of Minnesota.  *Id.*.

23       14.    Target is the only defendant named in this action and the presence of Doe defendants has

24   no bearing on diversity with respect to removal.  *See* 28 U.S.C. § 1441(a) ("For purposes of removal

25   under this Chapter, the citizenship of defendants sued under a fictitious name shall be disregarded.").

26   Accordingly, no named defendant is a citizen of California, in which state this Action was filed.

27       15.    Most if not all of the proposed class members are citizens of the State of California.  *See*

28   Cmplt., ¶ 34 (defining alleged class to include non-exempt, licensed pharmacists who work or worked

NOTICE OF REMOVAL OF CIVIL ACTION
U.S.D.C., E.D. Cal. No. _____

1   for Target in the State of California).

2   **The Proposed Class Members Number at Least 100**

3   16.   In the Complaint, plaintiff proposes a class that includes all non-exempt Target

4   employees who were "licensed pharmacists" in the State of California "at any time from four years

5   preceding the filing of this case until the date of trial."  Cmplt., ¶ 34.

6   17.   From September 28, 2006, to the present, Target has employed at least 1,160 non-exempt

7   pharmacists in the State of California.  Ereth Decl., ¶ 4.  Accordingly, the requirement that the proposed

8   class members number at least 100 is easily met.

9   **The Amount in Controversy Exceeds $5,000,000**

10   18.   In the Complaint, plaintiff alleges, among other things, that Target failed to pay wages

11   timely upon termination to class members whose employment with Target terminated between

12   September 28, 2006, and the present.  Cmplt., ¶¶ 5, 13, 31, 66-74.

13   19.   California Labor Code section 203 assesses a per-employee statutory penalty equal to the

14   employee's daily wages for a maximum of 30 days for a willful failure to pay wages due on termination.

15   20.   From September 28, 2006, to the present, Target has employed at least 381 non-exempt

16   pharmacists in the State of California who terminated on or after September 28, 2006.  Ereth Decl., ¶ 5.

17   The average final hourly wage for these 381 former proposed class members was $54.24 per hour.

18   21.   If, as plaintiff alleges, Target owes 30 days of waiting-time penalties for the 381

19   proposed class members who terminated since September 28, 2006, based on 10 hours of work per day,

20   then the amount in controversy is $4,959,705.60, exclusive of interest and costs.  (381 x $54.24/hour x 8

21   hours/day x 30 days = $4,959,705.60.)

22   22.   Plaintiff further alleges in his Complaint that Target failed to provide properly itemized

23   wage statements to all proposed class members.  Cmplt., ¶ 30.

24   23.   California Labor Code section 226(e) requires an employer to pay an employee the

25   greater of all actual damages caused by an employer's failure to provide itemized wage statements, or a

26   penalty of $50 per employee for the initial pay period in which a violation occurs and $100 per

27   employee for each violation in a subsequent pay period, not to exceed an aggregate of $4,000 per

28   employee exclusive of attorney's fees and costs.

-3-   NOTICE OF REMOVAL OF CIVIL ACTION
U.S.D.C., E.D. Cal. No. _____

LEGAL_US_W # 66110691.4

24.     Within the year before the Complaint was filed, Target employed at least 609 non-exempt pharmacists in the State of California over 26 pay periods. *See* Ereth Decl., ¶ 6. If, as plaintiff alleges, Target owes these proposed class members penalties for failing to provide itemized wage statements for those pay periods, and if, as plaintiff alleges, the penalties are $50 for the first violation and $100 for each subsequent violation, the total penalties for those proposed class members would be $1,552,950.00 ([609 x 1 pay period x $50/pay period] + 609 x 25 pay periods x $100/pay period]).

25.     In addition, plaintiff alleges that Target failed to provide or allow meal periods, Cmplt., ¶¶ 44-51; failed to provide or allow rest breaks, *id.*, ¶¶ 52-57; failed to pay all wages, *id.*, ¶¶ 58-62; and failed to furnish timely and accurate wage statements, *id.*, ¶¶ 63-65. Plaintiff's claim under these causes of action for additional monetary recovery increases the amount in controversy further.

26.     Thus, there is no question that the amount in controversy in this action easily exceeds $5,000,000, exclusive of costs and interest, based on only a single cause of action.

27.     In setting forth this calculation, Target does not admit it failed to provide meal periods, rest breaks, and/or itemized wage statements to plaintiff and his proposed class, or that it is liable to plaintiff and his proposed class in this amount or any amount; and in fact Target denies that it is liable to plaintiff and his proposed class in any amount.

28.     Based on the foregoing, all requirements under CAFA are satisfied and the Action may be removed to this Court on grounds of diversity-of-citizenship jurisdiction.

Dated:  November 2, 2010          JEFFREY D. WOHL
                                  RISHI N. SHARMA
                                  GREGGORY W. DALTON
                                  JENNIFER L. ROTH
                                  PAUL, HASTINGS, JANOFSKY & WALKER LLP


                                  By:  /s/ Jeffrey D. Wohl
                                              Jeffrey D. Wohl
                                         Attorneys for Defendant
                                          Target Corporation

LEGAL_US_W # 66110691.4